UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 21-13227-D

JAMES TUCKER, JR., et al.,

     Appellants,

v.

MARINA MANAGEMENT CORP., et al.,

     Appellees.

_____/

## APPELLANTS' MOTION TO DETERMINE OR RELINQUISH APPELLATE JURISDICTION AND TO STAY BRIEFING PENDING THE COURT'S ASSESSMENT OF THE JURISDICTIONAL ISSUE

## CERTIFICATE OF INTERESTED PERSONS

     Appellants, James Tucker, Jr., et al, through undersigned counsel and pursuant to FRAP 26.1 and 11th Cir. R. 26-1-2(c), hereby file their Certificate of Interested Persons and Corporate Disclosure Statement, and state that the following listed persons, parties, and corporations have an interest in the outcome of this appeal:

Berkes, Carol, Appellant

Berkes, Stephen, Appellant

Blackman, John, Appellant

Blackman, Judith, Appellant

Boat Owners Association of the United States (Boat US)

Brestan, Elmer, Appellant

Bush, Matthew, Counsel for Appellees

Christian, James, Appellant

Conrad, Joseph, Appellant

Cotton, Judith, Appellant

Craig Jernigan Enterprises, Appellant

Daughtry, Frank, Appellant

DiSanto, David, Appellant

Donner, Elizabeth, Appellant

Donner, Thomas, Appellant

Elliott, Angela, Appellant

Elliott, Steven, Appellant

Filardi, Daniel, Appellant

Fleming, Edward, Counsel for Appellees

GEICO Marine Insurance Company

Gislason, Snorri, Appellant

GrayRobinson, P.A., Counsel for Appellants

Hanke, Ed, Appellant

James Tucker, Jr., et al., vs. Marina Management Corp., et al.

Case No.: 21-13227-D

Hudson, Stewart, Appellant

Kirk, Mike, Appellant

Lamar, John, Appellant

Lamar, Joyce, Appellant

Law, Larry, Appellant

Loes, Eric, Appellant

McDonald Fleming, Counsel for Appellees

Morse, Stanford, Appellant

Olsen, Steffanie, Appellant

Ranger Jazz Group, LLC, Appellant

Reiter, Jack R., Counsel for Appellants

Roca, Cesar, Appellants

Roca, Theresa, Appellant

Shinkle, Theodore L., Counsel for Appellants

Sierra, Todd, Appellant

Sims, Jerrell, Appellant

Spurlin, James, Appellant

Thomas, Rusty, Appellant

Tucker, James, Jr., Appellant

Turbeville, Donald, Appellant

Turbeville, Phyllis, Appellant

Vaughn, Thomas, Appellant

Vaughn Voyages, LLC, Appellant

Wetherell, Honorable T. Kent II, District Court Judge

WhiteBird, PLLC, Counsel for Appellants

Zoltak, Alex, Appellant

## CORPORATE DISCLOSURE STATEMENT

GEICO Marine Insurance Company is an indirect, wholly owned subsidiary of Berkshire Hathaway, Inc., a multinational conglomerate holding company, which is publicly traded on the N.Y. Stock Exchange as "BRK.A" for Class A shares and "BRK.B" for Class B share.

**MOTION**

Appellants, James Tucker, et al., in the interests of judicial economy and to avoid piecemeal review, request the Court to determine whether it has jurisdiction over this matter or to relinquish jurisdiction and to stay the briefing schedule and, specifically, to address : (1) whether it possesses jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(a)(3); (2) whether, if such jurisdiction exists, the Court should relinquish its jurisdiction and remand this matter for further proceedings pursuant to Rule 12.1, Fed. R. App. P.; and (3) to stay the briefing schedule herein pending the Court's determination of the foregoing jurisdictional issues.  In support thereof, Appellants state:

**A. Introduction**

This appeal arises from an order on cross-motions for partial summary judgment entered in 29 consolidated cases brought by the owners of 29 boats that were docked at Palafox Pier Yacht Harbor and Baylen Slips Marina ("the Marina") in Pensacola, Florida on September 16, 2020, when Hurricane Sally struck the area and caused damage to the Marina.  DE 57.  The boat owners filed separate petitions to limit their liability pursuant to 46 U.S.C. § 30501, *et seq.*, and Supplemental Admiralty Rule F, (DE 1), and the Marina owner, Marina Management Corp. ("MMC"), filed claims against each boat owner for negligence and for breach of

contract, (DE 13), based on the standard Moorage Sublease Agreement (the "Lease"), (DE 40-1), which had been executed by each boat owner.[1]

The district court consolidated the 29 cases, (DE 22, 30, 31, 32, 33, 35), and at the parties' request, discovery was stayed and a schedule was set for the parties to file cross-motions for summary judgment on three limited issues:

> (1) the interpretation, legality, and enforceability of certain clauses in the [leases] between [MMC] and the various boat owners;
>
> (2) whether the boat owners had a duty, under the Lease and/or in tort, to evacuate the marina before Hurricane Sally struck the Pensacola area; and
>
> (3) whether the personal contract doctrine bars or limits the vessel owners' right to seek limitation of liability.

DE 27, pp. 2-3; DE 57, p. 6.

The Lease contained a provision for the boat owners to remove their boats from the marina "upon [the boat owners] receiving notice from [MMC] that it has activated its Tropical Storm and Hurricane Plan or upon news media publicity that a tropical storm or hurricane watch is issued within 100 miles of the marina ... so

---

[1] The owners of two of the 29 boats, Marcello and Marina Borzatta and Sunset Marine Ventures, LLC and Francis Herrbold, did not have signed leases with MMC and are not appellants. Rather, these boat owners are only appellees with respect to the cross-appeal by MMC of the district court's determination there was no common law duty to evacuate the marina before the hurricane. Additionally, the owner of another boat that was in the marina at the time of the storm, V&R Investments, Ltd. ("V&R"), also filed a claim against Petitioner Roy Tucker. DE 14.

long as doing so does not imperil life or limb." DE 40-1, p. 10. The parties filed a statement of Agreed Facts for Summary Judgment (DE 40), followed by cross-motions for summary judgment, (DE 43, 44), addressing the specified issues, including whether the Lease provision requiring removal was enforceable or was void as against public policy, whether the removal provision was triggered, whether a liquidated damages clause in the Lease was an unenforceable penalty, whether the boat owners had a tort duty to remove their boats from the marina prior to the storm, and whether, by virtue of the Leases, the boat owners were precluded by the "personal contract doctrine" from seeking a limitation of liability under 46 U.S.C. § 30501.

Following briefing, the district court entered an Order on the cross-motions on August 20, 2021 (DE 57) and concluded:

> In sum, based on the analysis above, the Court finds as a matter of law that Petitioners who had leases with MMC had a contractual (but not tort) duty to remove their boats from the marina before the storm; that the removal obligation is not void as against public policy and was triggered on September 11, 2020, at 10:00 p.m. central time; that Petitioners could have removed their boats from the marina before the hurricane watch was issued for the Pensacola area without imperiling their life or limb; that the liquidated damages provision in the leases is unenforceable; and that the personal contract doctrine precludes exoneration or limitation of Petitioners' liability for damage resulting from their failure to remove their boats from the marina prior to the storm as they agreed to do in the leases.

DE 57, pp. 21-22.

The parties filed a Notice of Appeal, (DE 62) and Notice of Cross-Appeal (DE 69), each of which identified 28 U.S.C. § 1292(a)(3) as the basis of this Court's appellate jurisdiction over the interlocutory appeal. That section provides:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from…(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Following the filing of the parties' notices of appeal, proceedings continued in the district court regarding the pending claims. On September 28, 2021, the boat owners filed an Unopposed Motion to amend their affirmative defenses to assert the defenses of waiver, estoppel, course of dealing and causation, which was granted by the district court on September 29, 2021, adding those new affirmative defenses to all 29 answers. DE 67, 68.

Subsequently, on October 22, 2021, MMC filed an Amended Counterclaim expanding the original allegations of its negligence claims to include new allegations that, in addition to failing to remove their boats prior to the storm, the boat owners also failed to adequately secure their boats. DE 74. The boat owners moved to strike the Amended Counterclaim as an unauthorized pleading and to dismiss the negligence claim which, despite the summary judgment order, advances a claimed tort duty by the boat owners to remove the boats (DE 76). The district court

permitted the Marina's amendment of the negligence claim, and stated, in pertinent part:

> The Court did not overlook Petitioner's argument that the amended claims are tantamount to a request for reconsideration of the Court's ruling on an issue that is currently on appeal. However, the Court fails to see how allowing Claimants to expand their negligence claims to include a theory that the Court specifically did not address (because it was not previously pled) amounts to a request for reconsideration or otherwise interferes with the Eleventh Circuit's review of the Court's prior rulings…[T]he Court definitively ruled in the Order on the parties' cross-motions for summary judgment that Petitioner did not have a tort duty to remove their boats from the marina prior to the hurricane watch…The practical effect of that ruling was to foreclose the original negligence claims that were based solely on the boat owners' failure to remove their boats from the marina prior to the storm, but the Order did not formally dismiss those claims. The court does not have jurisdiction to dismiss that portion of the amended negligence claims now because doing so would impermissibly "alter the status of the case, " by "directly affecting the issues already pending before the Eleventh Circuit on interlocutory appeal." *Green Leaf Nursery v. E.I. DuPont De Nemous & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003).

DE 80, pp. 6-7. The Court further stated that the addition of new and distinct theories to the negligence claim, which is still proceeding in the district court, is permissible because such new theories do not "materially alter the status of the case" as to the duty to remove issue which was addressed in the summary judgment order. DE 80, p. 8, n.8.

Although both parties identified 28 U.S.C. § 1292(a)(3) as the basis of this Court's jurisdiction, it appears, considering the subsequent proceedings and amended pleadings in the district court, that the summary judgment order on appeal

did not "determine the rights and liabilities" with requisite finality to provide this Court with jurisdiction under § 1292(a)(3), which is narrowly construed to avoid premature, piecemeal, appeals. Moreover, the district court's ruling that it is precluded from dismissing a portion of the negligence claim due to the pendency of this appeal, while permitting the expansion of that claim to include new theories, reinforces the concern that there has been no final determination of rights and liabilities under that claim, and also raises the possibility that, even if jurisdiction does exist under § 1292(a)(3), a remand is required under Rule 12.1, Fed. R. App. P. to permit the district court to enter the dismissal order it observed that it is precluded from entering.

Because of the presence and pendency of these jurisdictional issues, and the concern that the Court may later conclude that jurisdiction over this matter is lacking, Appellants request the Court, in the interests of judicial economy, to stay the briefing schedule herein pending the determination as to whether, and how, this matter should proceed.

### B. Appellate Jurisdiction Under 28 U.S.C. § 1292(a)(3) Is Narrowly Construed to Encompass Only Orders Which Dispose of Admiralty Claims or Make a Complete Determination of Appellant's Liability, Neither of Which Occurred Here

This Court has dismissed appeals in admiralty matters for lack of jurisdiction under § 1292(a)(3) where the order on review involved the determination of preliminary issues without a final determination of the rights and liabilities of any of

the parties. In *Sea Lane Bahamas Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317 (11th

Cir. 1999), this Court explained:

> As a general rule, a district court's order resolving one or more claims
> on the merits is appealable under § 1292(a)(3), irrespective of any
> claims that remain pending. Similarly, this court has jurisdiction over
> the appeal of an order dismissing on the merits one or more parties from
> an action.  Jurisdiction under § 1292(a)(3) does not obtain, however,
> when the order appealed from 'does not reach the merits of the claim
> and in no way determines, denies, or prejudices any substantive rights
> of the parties." *Jensenius v. Texaco, Inc.,* 639 F.2d 1342, 1343 (5th Cir.
> Unit A March 1981).

*Id.* at 1321.  The *Sea Lane* Court reviewed numerous authorities from both the

Eleventh and Fifth Circuits to conclude that a narrow interpretation of appellate

jurisdiction under § 1292(a)(3) is proper.  *Id.* at 1322.  In doing so, the Court

discussed how the original purpose of § 1292(a)(3) comports with a narrow

construction:

> This circuit also has considered the purpose of 28 U.S.C. § 1292(a)(3).
> In *Jamaica Commodity Trading [Co., Ltd. v. Barge Hercules,* 962 F.2d
> 1162 (11th Cir. 1993)] the court reiterated what courts agree is the
> original purpose of § 1292(a)(3):
>
>> As our predecessor court, the former Fifth Circuit, noted, this
>> provision originally "was designed to apply in circumstances
>> distinctive to admiralty where it is not uncommon for a court
>> to enter an order finally determining the issues of liability
>> between the parties and then to refer the case to a master for
>> a determination of damages." ...
>
> 992 F.2d at 1163 (citation omitted). At a minimum, the Second, Third,
> Fourth, and Eighth Circuits are in accord with this characterization of
> the statute's purpose. That purpose advises a narrow interpretation of §
> 1292(a)(3). *See Austracan,* 500 F.2d at 240; *Caradelis v. Refineria*

*Panama,* 384 F.2d 589, 591 (5th Cir.1967) (**"[O]nly when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a 'final decision.' "**).

*Id.* (emphasis added).

These principles have been amplified and expanded upon in numerous decisions from this Court. *See, e.g., Beluga Holding, Ltd. v. Commerce Capital Corp.*, 212 F.3d 1199, 1204–05 (11th Cir. 2000) ( "for an appeal to lie under section 1292(a)(3), the order being appealed must determine the rights and liabilities of the appellant vis à vis the appellee… In this case, only one allegation of liability has been adjudicated, conversion of the Sando stock certificates….there are two allegations of liability against Commerce that have not been litigated;" purpose of 1292(a)(3) is "that a party be afforded leave to appeal its liability on *all* of the claims asserted against it before the district court addresses the matter of damages") (emphasis in original); *Azzia v. Royal Caribbean Cruises, Ltd*, 785 Fed. Appx. 727 (11th Cir. 2019) ("To qualify for interlocutory appeal under section 1292(a)(3), a party must be seeking review of an order (1) disposing of an admiralty claim, or a claim integrally linked to an admiralty claim, or (2) making a complete determination of the appellant's liability to the appellee."); *Minott v. M/Y BRUNELLO*, 891 F.3d 1277, 1281 (11th Cir. 2018) ("As a general rule, a district court's order resolving one or more claims on the merits is appealable under [section] 1292(a)(3)… But we lack jurisdiction when the order appealed from 'does not reach

8

the merits of the claim and in no way determines, denies, or prejudices any substantive rights of the parties….The refusal of the district court to issue a warrant *in rem* for the arrest of the *Brunello* falls within our interlocutory jurisdiction because it has the effect of a final order that 'reach[es] the merits of the claim' and 'prejudices [the] substantive rights of [Minott]…. it resolved his claim against the vessel, and he is entitled to immediate review of that decision.").

In *Wajnstat v. Oceania Cruises, Inc.*, 684 F.3d 1153 (11th Cir. 2012) this Court held:

> In *Ford Motor Co. v. S.S. Santa Irene,* 341 F.2d 564, 564 (5th Cir.1965), our predecessor court assessed its jurisdiction under § 1292(a)(3) to decide an interlocutory appeal from a district court's determination that the limitation-of-liability provision in the Carriage of Goods at Sea Act, 46 U.S.C. § 1304 (1964), applied and limited liability to $500 for each injury. The *Ford Motor Co.* decision held that the application of the limitation-of-liability provision was not an immediately appealable order under 28 U.S.C. § 1292(a)(3). 341 F.2d at 564 (citing *Lissner & Co. v. Oceanic Steam Navigation Co.,* 30 F.2d 290 (2d Cir.1929)). The same rule applies here. If, as *Ford Motor Co.* held, a district court does not determine the "rights and liabilities of the parties" when it decides the applicability of a statutory limitation of liability, it also does not determine the "rights and liabilities of the parties" when it determines the applicability of a contractual limitation of liability. Our conclusion…is in keeping with our Court's narrow interpretation of § 1292(a)(3).

*See also, e.g., Rental Boat Corp. v. Great Lakes Insurance SE*, No. 20-14641, 2021 WL 2417568 (11th Cir. April 22, 2021) (jurisdiction under § 1292(a)(3) is narrowly construed and order not reaching merits of claim or determining substantive rights of the parties not appealable).

These principles are also echoed in the decisions of the Fifth Circuit.  As stated in *Perforaciones Exploracio "N Y Produccio "N v. Grupo TMM SA*, 207 Fed. Appx. 458 (5th Cir. 2006):

> To be appealable under section 1292(a)(3), the decree must determine the substantive rights and liabilities of the parties to the case." *Francis ex rel. Francis v. Forest Oil Corp.,* 798 F.2d 147, 149 (5th Cir.1986). Courts construe this jurisdictional grant narrowly. …Even if an order has important procedural consequences, it is not appealable under § 1292(a)(3) if it does not determine the parties' substantive rights and liabilities. *In re Ingram Towing Co.,* 59 F.3d 513, 517 (5th Cir.1995). The district court's denial of Appellants' motion to dismiss did not determine Appellants' substantive rights or liabilities. The district court did not decide whether Appellants were entitled to limit their liability under Mexican law, nor would such a determination be appealable under § 1292(a)(3), given that the underlying issue of liability has yet to be determined. *See Bucher–Guyer AG v. M/V Incotrans Spirit,* 868 F.2d 734, 735 (5th Cir.1989) (holding that "[t]he decision whether the $500 COGSA limitation on damages applies in this case is not a decision determining the rights and liabilities of the parties").

*See also, e.g., Francis on Behalf of Francis v. Forest Oil Corp.*, 798 F.2d 147, 150 (5th Cir. 1986) ("Orders which do not determine parties' substantive rights or liabilities, however, are not appealable under section 1292(a)(3), even if those orders have important procedural consequences…interlocutory orders rejecting particular defenses are not appealable under section 1292(a)(3)"); *Patton-Tully Transp. Co. v. Ratliff,* 715 F.2d 219, 222 (5th Cir.1983) (no interlocutory appeal from order determining plaintiff is a Jones Act seaman because it merely permitted the claim to proceed against defendant). *See also Cummings v. Redeeriaktieb Transatlantic,* 242 F.2d 275, 276 (3d Cir.1957) ("An order refusing to dismiss a libel does not settle

rights or liabilities of parties."); *State Bank & Trust Company v. C & G Liftboats, L.L.C.,* 906 F.3d 361 (5th Cir. 2018) (order allowing plaintiff to proceed on its foreclosure action in federal court but not determining parties' rights as to vessel did not give rise to jurisdiction under Section 1292(a)(3)."); *In re Manson Const. Co.*, 544 Fed. Appx. 412 (5th Cir. 2013) ("Orders which do not determine parties' substantive rights or liabilities ... are not appealable under section 1292(a)(3), even if those orders have important procedural consequences." …The district court's determination that the State is immune from suit was purely a jurisdictional ruling. It did not reach the merits of the Oystermen's claim . . . ."); *Bayham v. Grosse Tete Well Service, Inc.*, 510 Fed. Appx. 329 (5th Cir. 2013) ("an interlocutory determination that a plaintiff is a Jones Act seaman does not finally determine the rights or liabilities of either party to [the] dispute" and is thus not appealable under 28 U.S.C.A. § 1292(a)(3)); *Psara Energy, Limited v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 809 (5th Cir. 2020) (appealed order under § 1292(a)(3) "must finally determine the rights or liabilities of either party to this dispute."); *See also*, *Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626 (2d Cir. 2011) ("when a district court has determined all of the liabilities of a party in an admiralty action, and the district court's decision is unaffected by any remaining claims, interlocutory appellate jurisdiction lies under Section 1292(a)(3)").

Given these well-recognized principles and because the district court allowed new affirmative defenses and the expansion of the Marina's negligence claim after the filing of the Notice of Appeal, Tucker respectfully requests the Court to assess and determine whether the Court has jurisdiction under § 1292(a)(3) to eliminate this uncertainty and confirm whether this appeal should proceed at this time or if an appeal should wait until the conclusion of the remaining proceedings at the district court.[2]

### D. Rule 12.1, Fed. R. App. P. Provides for a Remand Where the District Court Indicates That the Pendency of the Appeal Precludes It from Entering Order Pertaining to the Matters on Appeal

Under Fed. R. App. P. Rule 12.1, "Remand After an Indicative Ruling by the District Court on a Motion for Relief That Is Barred by a Pending Appeal," if the district court indicates an intent to issue a ruling, the appellate court can remand the matter to allow the district court to rule. *See e.g., International Schools Services, Inc. v. AAUG Ins. Co., Ltd.*, No. 10-15846, 2012 WL 5199262*1 (11th Cir. Jan 6.

---

[2] The addition of the new waiver and estoppel defenses after the appeal was initiated suggests that no final determination of liability has been made as to any party. The record shows that on September 12, 2020, prior to the storm, MMC sent an email to the boat owners, stating, *inter alia*, "At this time we are not calling for an evacuation of the marina; you should decide the best course of action for your boat." DE 55-3, p. 5. In fact, MMC sent boat owners an email on the afternoon of September 12 advising them to "continue storm preparations including securing your vessel with extra lines and fenders" and stating that "[a]t this point, we [MMC] are not calling for an evacuation of the marina" (emphasis added)." DE 57, p. 4. The district court has not yet expressly evaluated whether this constitutes a waiver and estoppel of the marina contract, and this is pending below.

2012) ("It is well settled in this Circuit that, when a district court indicates its intention to grant relief that the court lacks authority to grant because an appeal is pending, the appropriate procedure is to remand the matter in full."); Comment, Rule 12.1 ("Rule 12.1 does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal. The rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of appeal jurisdiction. Appellate Rule 12.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission.").

Here, the district court indicated it would enter an order dismissing the portion of the negligence claim it addressed in its summary judgment order but cannot do so because of the pendency of this appeal. The lack of such a dismissal further illustrates the preliminary nature of the summary judgment order, and lack of full determination of the parties' rights and liabilities. Thus, if the Court deems jurisdiction to be appropriate under § 1292(a)(3), a remand is warranted to permit the Court to enter its dismissal order.

### E. The Briefing Schedule Should Be Stayed Pending the Determination of the Jurisdictional Issues

Appellants' brief is currently due on March 4, 2022. Considering the jurisdictional issues referenced above, Appellants request the Court to stay the briefing schedule herein pending the determination of this threshold issue.

The requested stay is in the interests of justice and judicial economy and not for purposes of delay.

Undersigned counsel has conferred with counsel for Appellees with regard to the relief requested herein and is advised that counsel does not agree.

Respectfully Submitted,

/s/ Jack R. Reiter
Jack R. Reiter, Esq.
Florida Bar No.: 0028304
jack.reiter@gray-robinson.com
GrayRobinson, P.A.
333 SE Second Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

*Counsel for James Tucker, Jr. and all other Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 3,678 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office Professional Plus 2010 in 14-point Times New Roman font.

/s/ Jack R. Reiter
Attorney for Appellants
Dated: February 15, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellant's Motion to Determine or Relinquish Appellate Jurisdiction and to Stay Briefing Pending this Court's Assessment of the Jurisdictional Issue this 15th day of February 2022, which will serve a copy on all counsel of record listed on the attached service list.

/s/ Jack R. Reiter

**<u>SERVICE LIST</u>**

Edward D. Fleming, Esq.
Matthew A. Bush, Esq.
McDonald Fleming
719 S. Palafox St.
Pensacola, Florida 32502
Telephone: (850) 202-8531
flemingservice@pensacolalaw.com
mabush@pensacolalaw.com

*Counsel for Appellees*

Ted Shinkle, Esq.
WhiteBird, PLLC
730 E. Strawbridge Ave., Ste. 209
Melbourne, Florida 32901
Telephone: (321) 327-5580
tshinkle@whitebirdlaw.com
jaliano@whitebirdlaw.com

*Counsel for Appellants*